UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILLER INDUSTRIES TOWING EQUIPMENT INC., | No. 1:21-cv-08158-NLH-AMD |
| Plaintiff, | **AMENDED OPINION** |
| v. | |
| NRC INDUSTRIES, | |
| Defendant. | |

**APPEARANCES**:

KATELYN O'REILLY
LIZA M. WALSH
WILLIAM T. WALSH, JR.
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

   *Ob behalf of Plaintiff.*

GREGORY D. MILLER
GENE Y. KANG
RIVKIN RADLER LLP
25 MAIN STREET, SUITE 501
COURT PLAZA NORTH
HACKENSACK, NJ 07601

   *On behalf of Defendant.*

**HILLMAN**, District Judge

   Before the Court is NRC Industries' ("Defendant") motion to dismiss Miller Industries Towing Equipment Inc.'s ("Plaintiff") Complaint (ECF 15). For the reasons expressed below, the motion will be denied.

**BACKGROUND**

The Complaint in this instant matter involves claims that Defendant infringed Plaintiff's patent. The parties in this matter are both manufacturers of heavy machinery including rotating wreckers. This kind of machinery is used for "lifting and clearing heavy roadway obstructions[.]" (ECF 1 at 3). Given the scope of their use, rotating wreckers are "sophisticated and expensive pieces of machinery" that can retail for more than $500,000 each. (Id.) In order to operate a rotating wrecker, an individual operator manipulates the controls, which may be in a compartment on the side of the rotating wrecker. (See ECF 1). The style of the control panel used by the operator is the crux of the instant dispute.

Plaintiff owns U.S. Patent No. 9,440,577 (the "'577 Patent") which "is an unexpired utility patent disclosing and claiming the use of extendable and retractable rotating wrecker controls that enhance ease of wrecker operation and operator safety." (ECF 1 at 4). Plaintiff contends that its control panel "carries wrecker controls which are used to manipulate and/or control the boom, winch, underlift, outriggers and lighting." (ECF 16 at 2). The feature that makes the control panel special under the '577 Patent, according to Plaintiff, is the fact that its panel can be extended at least partway outside of the vehicle to give the operator expanded sightlines. (Id.)

Plaintiff claims that prior to its development of this feature, a wrecker operator would have had to put his or her head at least partially inside of the side compartment of the wrecker while using it. (Id.)  The other key feature of its control panel under the '577 Patent, in Plaintiff's view, is that when extended, the control panel slants downward, giving the operator "user-friendly, ergonomical controls[.]" (Id.)

After the issuance of the '577 Patent, Defendant filed for its own patent for its model of an extendable control panel in which it referred to the '577 Patent as its principal point of reference.  (ECF 1 at 9).  The U.S. Patent Office granted Defendant Patent No. 9,981,832 B1 (the "'832 Patent").  (Id. at 9-10).

Plaintiff claims that it observed infringement of the '577 Patent by Defendant around the time of Fall 2018, when it saw Defendant marketing its product at towing industry trade shows. (Id. at 4).  Plaintiff contends that despite Defendant having knowledge of the '577 Patent, it continues to manufacture and sell its infringing wreckers, thereby damaging Plaintiff's business.  (Id. at 10).  Prior to filing suit in the District of New Jersey, Plaintiff filed a complaint alleging infringement of the '577 Patent in the Eastern District of Tennessee. (See Miller Industries Towing Equipment Inc. v. NRC Industries, Case No. 1:19-cv-00095-PLR-SKL (E.D. Tenn.) (the "Tennessee Case"),

3

ECF 24, Amended Complaint). The District Court in Tennessee dismissed that complaint on the ground that it did not have personal jurisdiction over Defendant. (Tennessee Case, ECF 50). The District Court in Tennessee noted, however, that Defendant had conceded that it would be subject to personal jurisdiction in New Jersey. (Id. at 9-10).

On April 5, 2021, Miller filed the Complaint at issue in this matter, alleging direct infringement of the '577 Patent and specifically pointing to infringement of claims 1-3, 6, 11, 16, and 20-21 of the '577 Patent. Defendant moved to dismiss the complaint for failure to state a claim, on June 9, 2021.[1] (ECF 15). Plaintiff filed its opposition on June 22, 2021 (ECF 16) and Defendant filed its reply brief in further support of its motion to dismiss on June 29, 2021 (ECF 23).

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

### II. Standard for Rule 12(b)(6) Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

---

[1] Unlike in the Tennessee Case, Defendants did not move to dismiss for lack of personal jurisdiction in the instant case.

4

must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

5

plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant

6

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

To state a claim for direct infringement of a patent under 35 U.S.C. § 271, a complaint must: name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the plaintiff's patents. NovaPlast Corp. v. Inplant, LLC, 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021) (internal alterations omitted). As part of this, "a plaintiff must list the defendant's products that allegedly infringe, describe the alleged infringement, and relate "factual assertions to the pertinent claims" in its patent." Batinkoff v. Church & Dwight Co., 2020 WL 1527957, at *15 (D.N.J. Mar. 31, 2020)(quoting Robern, Inc. v. Glasscrafters, Inc., 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016)).

"The complaint must allege that the accused product infringes on 'each and every element of at least one claim' of the plaintiff's patents 'either literally or equivalently.'" Batinkoff, 2020 WL 1527957 at *15 (quoting Disc Disease Sols.

7

Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018)). At this stage, claim construction is not appropriate at the motion to dismiss phase because "a fuller record is needed." Encore Dermatology Inc. v. Glenmark Pharms. Ltd., 2020 WL 7586958, at *3 (D.N.J. Dec. 22, 2020); Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018) ("As Nalco explained, these disputes between the parties hinge on where 'flue gas' may be located within the power plant and what limitations are appropriate on where 'injecting' may occur. It is not appropriate to resolve these disputes, or to determine whether the method claimed in the… patent should be confined to the preferred embodiment, on a Rule 12(b)(6) motion, without the benefit of claim construction."). Claim construction involves the receipt of extrinsic evidence "in order 'to aid the court in coming to a correct conclusion' as to the 'true meaning of the language employed' in the patent." Barrier1 Sys., Inc. v. RSA Protective Techs., LLC, 2021 WL 4622545, at *3 (D. Del. Oct. 7, 2021).

### III. **Analysis**

The Court holds that Plaintiff has adequately stated a claim for patent infringement and that Defendant's motion to dismiss therefore should be denied. The Complaint meets the three elements required to state a claim of patent infringement set forth in NovaPlast Corp. First, the Complaint clearly named

8

the accused product.  Specifically, the Complaint lays out a list of Defendant's infringing models, namely, the NRC CSR 50, 65, and 85 (ECF 1 at 4).  The Court holds that this satisfactorily provides a "list the defendant's products that allegedly infringe" on the '577 patent. See Batinkoff, 2020 WL 1527957 at *15.

Plaintiff has also adequately described the alleged infringement in its single count alleging patent infringement under 35 U.S.C. § 271. (See ECF 1 at 10-11).  Specifically, the Complaint lays out the narrative that at least since 2018 Defendant has been selling rotating wreckers that "utilize extendable and retractable rotating wrecker controls as claimed in Miller's '577 patent[.]" (Id. at 5.)  The Complaint goes on to say that the infringing controls constitute "standard equipment" in Defendant's rotating wreckers because they are" currently standard on its models of rotating wreckers.  (Id.) Finally, the Complaint outlines how Defendant has sold multiple models of its rotating wreckers that infringe on the '577 Patent.  Specifically, Plaintiff points out two instances where Defendant sold its infringing rotating wreckers in New Jersey and alleges that those two sales amounted to "at least $1 million worth of sales in New Jersey[.]" (Id.)  Taken together, the Court holds that these statements are enough to allege patent infringement in the singular count in the Complaint.

Finally, the Court holds that the Complaint sufficiently sets forth "how the accused product infringed on every element of at least one claim in each of the plaintiff's patents." NovaPlast Corp., 2021 WL 389386 at *7.  In total, Plaintiff identifies eight claims in the '577 Patent on which Defendant's rotating wreckers infringe.  Plaintiff need only have pleaded how Defendant's rotating wreckers infringe on each element of one of those eight claims to survive a motion to dismiss.  The Court takes claim 1 of the '577 Patent as its starting point. (See ECF 1-5).

Claim 1 contains various elements regarding the design of the vehicle frame, the style and placement of the control panel, and a description of the two options of positions for the control panel by a wrecker operator along with specifications on how those positions relate to the body of the vehicle and the position of the operator.  (See ECF 1-5).  Claim 1 breaks down the elements of the claim into three primary parts with various subcomponents. (Id.) The Complaint ties each and every one of the elements in Claim 1 to the alleged infringement by Defendant. (ECF 1 at 5-7).  Indeed, the Complaint breaks out the various elements in Claim 1 into bullets in order to map how the features of Defendant's product overlap with the claimed elements.  (ECF 1 at 6-7).  The fact that the Complaint adequately states that Defendant's rotating wreckers infringe on

10

every element of Claim 1 is enough to survive a motion to dismiss.[2]

While Defendant characterizes Plaintiff's method of mapping the elements in the claims to how Defendant infringed on those claims as simply "parroting" or "directly copying" the claims language in the '577 Patent, see NovaPlast Corp., 2021 WL 389386, at *7, it does not consider the allegations in the Complaint as a whole. While the Complaint does copy a lot of language from the '577 Patent in describing how its claims were infringed, (ECF 1 at 5-9), it also provides narrative background breaking down the claims and how Defendant's rotating wreckers infringe on Plaintiff's patent. (See, e.g., ECF 1 at 3-4). Defendant's reliance on NovaPlast to support the proposition that Plaintiff merely directly copied the language in its claims is misleading as the NovaPlast court based its dismissal of the count as the complaint at issue because it did not "go through each limitation" of the claims at issue and "allege factually that each and every element of at least one claim is met." NovaPlast Corp., 2021 WL 389386 at *8. Here, Plaintiff's complaint does not fail in that regard.

Defendant's other arguments in support of its motion to

---

[2] Though not required for the Court's analysis, the Court believes that the Complaint sufficiently does the same for Claims 2, 3, 6, 11, 16, 20 and 21.

dismiss require the Court to engage in claim construction, an inquiry that is not appropriate at this stage of the case. Defendant's other arguments largely revolve around key terms in the '577 Patent's claims such as the allegation that the **"control panel"** is **"operable to close off** an interior compartment" and **"comprising** an outwardly-opening door[.]" (ECF 15-1 at 2-3) (emphasis added).  In order to evaluate Defendant's arguments, the Court would have to determine the meaning of words such as "control panel", "operable", and "comprising[.]" Such an analysis would be premature on a motion to dismiss. Corcept Therapeutics, Inc. v. Teva Pharms. USA, Inc., 2018 WL 5263278, at *3 n.3 (D.N.J. Oct. 23, 2018) (holding that where there was a factual dispute over the meaning of language in a claim which would require expert input and claim construction, the inquiry would be inappropriate on a motion to dismiss); Nalco Co., 883 F.3d at 1350 ("The "'purpose of a motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*.'") (quoting Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990)) (emphasis in original).[3]

---

[3] Plaintiff argues in the alternative, and Defendant contests (ECF 23 at 3-8), that if the Court were to decide to engage in claim construction of the phrase "control panel", the Court would have to hold that the term encompasses what Defendant has been marketing in its rotating wreckers. (ECF 16 at 5-8).  The Court declines the invitation to opine on the meaning of the phrase at this juncture in the proceedings as the record before it is not ripe to make such a determination.

12

**CONCLUSION**

For the reasons expressed above, Defendant's motion to dismiss the Complaint (ECF 15) will be denied.

Date: January 27, 2022                    /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

In addition, Plaintiff argues in its opposition brief that the fact that Defendant obtained the '832 Patent after the issuance of the '577 Patent does not insulate Defendant from liability. (ECF 16 at 8-9). Defendant makes clear that it is not relying on its own patent as a basis for its motion to dismiss. (ECF 23). Though the Court does not have to decide that issue, it notes the general principle of patent law that the existence of a subsequent patent does not necessarily insulate that patent holder from suit by a prior patent holder who claims that the subsequent patent is infringing on theirs. Bio-Tech. Gen. Corp. v. Genentech, Inc., 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right *to exclude others* and confers no right on its holder to make, use, or sell.")(emphasis in original) (internal alterations omitted).